

A Professional Corporation

Elliott Greenleaf & Dean
15 Public Square - Suite 210
Wilkes-Barre, Pennsylvania 18701
Phone: (570) 371-5290 • Fax: (570) 371-5550
www.elliottgreenleaf.com

DREW P. MCLAUGHLIN
EMAIL: DPM@ELLIOTTGREENLEAF.COM

August 22, 2024

**VIA ELECTRONIC FILE**
Honorable Malachy E. Mannion
U.S. District Judge
Middle District of Pennsylvania
William J. Nealon Federal Bldg. & U.S. Courthouse
235 N. Washington Avenue
Scranton, PA 18503

**RE:  French, et al. v. Luzerne County, et al., No. 3:23-cv-538**

Your Honor:

I am writing in response to Plaintiffs' lead counsel's correspondence of August 21st.

First and foremost, Luzerne County is not "cavalier" about its duty and responsibility to prepare for and administer the upcoming presidential election. Indeed, preparations are well underway and continue. See "Luzerne County Manager Makes Election Statement," *Times Leader*, August 18, 2024 (https://www.timesleader.com/news/1664675/luzerne-county-manager-makes-election-statement).

Second, despite opposing counsel's hyperbolic rhetoric, this case is not the last line of defense for democracy in Luzerne County. It is a contested legal dispute about the events of November 8, 2022. Since the General Election of 2022, Luzerne County has administered four (4) different elections including a special election in January of 2023, the primary election of 2023, the general election of 2023, and the primary election of 2024. In none of those elections, did any ballot paper shortage occur. Furthermore, as amply proven in the motions for summary judgment pending

before this Court, no such incident ever occurred in any election prior to November 8, 2022 either.

Lastly, Luzerne County has not ignored opposing counsel's inquiries about responding to a settlement offer. As was discussed on July 30th, opposing counsel was away for a pre-planned vacation in the week following our last appearance in court.

On August 9th, undersigned counsel informed opposing counsel that Luzerne County had met and discussed a settlement response and that the "goal" would be a formal response in the next week. See August 9th Email Correspondence, attached hereto as Exhibit "A." On August 19th, in both email and via phone conversation, undersigned counsel informed opposing counsel that Luzerne County is not unwilling to participate in settlement discussions or "uninterested" in settlement if one can be reached; however, both Luzerne County and undersigned counsel's responsibilities are not limited to this case only. See August 19th Email Correspondence, attached hereto as Exhibit "B." Furthermore, Luzerne County has promptly exchanged dates with opposing counsel to reschedule oral argument for September. See August 14th and 19th Email Correspondence, attached hereto as Exhibit "C."

Luzerne County is not stalling for time or withdrawing from settlement talks. Whenever the Court reschedules oral argument, Luzerne County will be prepared and participate. While Luzerne County does not agree that it is necessary at this stage for the Court to schedule a settlement conference, if the Court elects to do so then Luzerne County will be prepared and ready.

Respectfully submitted,

/s/ Drew P. McLaughlin
Drew P. McLaughlin