## SETTLEMENT AGREEMENT AND RELEASE OF CLAIM

This Settlement Agreement and Release ("Agreement") is entered into this 9th day of October, 2024, between Plaintiffs, William French ("French") and Melynda Anne Reese ("Reese"), and Defendant, County of Luzerne, for itself, its boards, its bureaus, and representatives, (French, Reese, and the County are referred to collectively, the "Parties"), as follows:

### Recitals

**A.** French and Reese are qualified and registered voters in Luzerne County who attempted to vote in Luzerne County on November 8, 2022 ("Election Day").

**B.** French and Reese attempted to vote on Election Day but could not cast a ballot through no fault of their own as a result of ballot paper shortages on November 8, 2022.

**C.** The ballot paper shortage on November 8, 2022 needlessly disrupted administration of the election and was not an adequate discharge of County officials' duties to ensure, as nearly as possible, the seamless administration of the election.

**D.** On March 23, 2023, French and Reese filed a civil action with the United States District Court for the Middle District of Pennsylvania against the County which is docketed as *French, et al. v. County of Luzerne, et al.* No. 3:23-cv-00538 (the "Civil Action") alleging that the County violated their constitutional right to vote under 42 U.S.C. § 1983 because of the County's failures to supply

adequate ballot paper, failure to adopt proper policies and procedures, and failure to train election personnel.

      **E.**    In the Civil Action, French and Reese seek a declaratory judgment that the County violated their right to vote in violation of 42 U.S.C. § 1983, injunctive relief, nominal damages, and attorney's fees.

      **F.**    The Parties now desire to settle and resolve the Civil Action and any disagreements between them arising out of or in any way related to the claims made in the Civil Action or that could have been made in the Civil Action without a judicial finding or admission of liability under 42 U.S.C. § 1983, to avoid further expense and uncertainty of litigation, and in exchange for certain continued undertakings by the County to improve election administration going forward.

NOW THEREFORE, in consideration of the mutual promises, covenants, and payments set forth in this Agreement and intending to be legal bound, the Parties agree as follows:

### Terms of Agreement

    1.    **Adoption of written election-related policies and procedures.** On or before October 15, 2024, the County shall finalize and adopt written election-related policies and procedures that will be consistent with state and federal law. The policies and procedures shall include legal requirements regarding procuring election related supplies, such as ballot paper, stocking reserve supplies, supplying sufficient ballot

paper at each voting precinct for each election cycle, and for resupplying voting precincts with election related supplies during an election.

2. **Ballot Paper Stocking.** Since the November of 2022 General Election, the County has implemented a policy whereby it orders ballot paper (80-lb. paper as recommended by Dominion Voting Systems ballot marking devices) after every completed election cycle whether it be a primary, general, or special election and regardless of whether it is a municipal or federal election cycle. The County shall maintain this procedure. The County shall also continue supplying sufficient ballot paper for the ballot marking devices during the Logic & Accuracy testing for the ballot-marking devices. This process is and shall continue to be done weeks before delivery of the machines to polling locations and in full view of the public and/or the media, which ensures both transparency and accountability.

3. **Engagement of Election Counsel.** The County has retained Timothy Gates, Esquire, of Myers, Brier, & Kelly LLP to revise election administration policies and procedures for the County as well as training County election personnel, including, seasonal election workers, judges of election, and other poll workers. The County shall maintain the engagement of Attorney Gates for these purposes or an attorney with comparable experience with state and federal election law. See ¶ 1.

4. **Training to County Employees.** The County shall provide training to all County employees responsible for the administration of an election on an ongoing basis annually. The training shall include trainings offered and conducted by the Pennsylvania Department of State, training offered at statewide or national

conferences for election officials, and training conducted in-house by the Director of Elections or his or her designee within the Bureau of Elections. Training will be scheduled around the needs of the election calendar. The County shall ensure that the training provided to its employees is designed so that employees remain current on Bureau of Elections procedures and equipment, state and national trends in election administration, and state and federal election law.

5. **Orientation for Newly Hired Employees of the Bureau of Elections.** As part of Luzerne County's existing orientation program for new employees, the County shall require newly hired employees within the Bureau of Elections to attend a specialized training and orientation program that shall include, without limitation, training on state and federal election laws, the policies and procedures manual for the Bureau of Elections, procedures for procuring supplies necessary to administer an election, and standard operating procedures at polling places including troubleshooting common issues that arise in administering elections at polling precincts.

6. **Financial Settlement.** The County shall pay the amount of Thirty Thousand ($30,000.00) dollars as financial compensation for litigation expenses, which may be dispersed and apportioned by Plaintiffs' counsel at his discretion and consistent with the pleadings in the Civil Action. The amount set forth in this paragraph shall be made by check payable to "Zimolong LLC" and sent via overnight trackable delivery to Zimolong LLC, 353 West Lancaster Avenue, Suite 300, Wayne, PA 19087. Payment shall be made within thirty (30) days of the execution of this

Settlement Agreement or the filing of the stipulated notice of dismissal, whichever is later.

7. **Posting on Luzerne County Webpage.** An executed copy of this Settlement Agreement shall be publicly and conspicuously posted on the Luzerne County webpage dedicated to elections information, www.luzernecounty.org/396/Elections.

8. **Releases**. Except for this Agreement and its related terms, French and Reese, for and in consideration of the promises in this Agreement, do fully and forever release, acquit, and discharge the County and their respective predecessors, successors, agents, attorneys, representatives, officers, employees, past and present, administrators, heirs, and assigns from any and all manner of actions and causes of action, suits, grievances, debts, dues, accounts, bonds, covenants, contracts, agreements, judgment claims, and demands whatsoever in law or equity, known or unknown, foreseen or unforeseen, including claims for attorney's fees under 42 U.S.C. § 1988 or any other federal or state law, which were or could have been set forth in the Civil Action, or French's or Reese's heirs, executors, administrators, successors, attorneys, or assigns ever had or now have, for or by reason of any cause, matter, or anything whatsoever arising out of or related to any claims and/or allegations in the Civil Action existing up to the date that French and Reese execute this Agreement.

9. **No Admission of Liability**. The Agreement shall not constitute an admission of liability by the County, nor an admission by French or Reese that their legal claims lacked merit, and is entered into by the Parties for the Parties' mutual

purpose of ensuring that elections are administered fairly and competently in Luzerne County and ensure that a ballot paper shortage, such as November 8, 2022, never happens again without incurring any further litigation expenses while terminating all controversies and/or claims, or causes of action of whatsoever nature, known and unknown, including future developments thereof, in any way arising from, related to, growing out of, or in any way connected with the Civil Action.

10. **Dismissal of Civil Action.** The Parties agree to execute and submit a stipulation of dismissal of the Civil Action with prejudice under Fed. R. Civ. P. 41(a)(1)(A)(ii) requesting that the Court enter an order of dismissal with prejudice but retaining jurisdiction over the Parties solely to enforce the terms of this Agreement.

11. **Dismissal of Claims Against Luzerne County Board of Elections and Registration.** The Luzerne County Board of Elections and Registrations (the "Board") is a Board of the County and the County shall assume full responsibility for ensuring compliance with the undertakings set forth in this agreement by all County boards, bureaus, officials and employees. This agreement shall not impose independent obligations on the Board. Accordingly, all claims against the Board as an independent defendant shall be dismissed with prejudice.

12. **Governing Law.** The parties agree that the terms of this Agreement shall be construed and interpreted according to the laws of the Commonwealth of Pennsylvania.

13. **Compromise of Disputed Claims.** The Parties acknowledge and agree that this Agreement is a compromise and settlement of fully disputed claims and damages and that performance of any obligation under this Agreement shall not be construed as an admission of liability by any Party.

14. **Entire Agreement.** This Agreement sets forth the entire understanding between the Parties and supersedes all prior oral or written agreements, arrangements, and communications concerning the subject matter herein. The Parties affirm that, except for this document, there have been no other representations upon which they have relied in entering into this Agreement. Any modification, amendment or alteration of this Agreement, or any of its terms, shall be in writing and signed by all parties to this Agreement; nothing else including, but not limited to detrimental reliance, estoppel, or oral representations or promises of any sort shall modify, amend or alter this Agreement.

15. **Requisite Authority/Legal Representation.** The signatories to this Agreement represent that they have the requisite authority to bind the Parties to the terms of this Agreement, that the rights hereto are owned by the party asserting the same, and those rights have not been assigned, transferred or sold. The parties acknowledge and agree that in entering into this Agreement, they have each consulted and relied upon the legal advice of their respective counsel, and that the person executing this Agreement has read, understood and voluntarily accepts the terms and conditions.

16. **Severability.** It is agreed that, if any portion of this Agreement is deemed invalid or nonbinding by any court or other judicial or administrative body, then all portions that have not been deemed invalid or nonbinding shall remain in full force and effect.

17. **Headings and Recitals.** Headings and the prefatory Recitals in this Agreement are for the convenience of the Parties and will not be used to interpret or construe the provisions herein.

18. **Counterparts.** This Agreement may be executed in counterparts, and each counterpart when executed shall have the same force and effect as a signed original. Facsimile or electronic copies of signatures shall be considered as originals and binding as such.

[*Remainder of Page Intentionally Left Blank - Signature Page to Follow*]

| | |
|---|---|
| **COUNTY OF LUZERNE**<br><br>By: **Romilda P. Crocamo, Esquire**<br><br>Title: **County Manager**<br><br>*[signature]*<br>Signature<br><br>Date: 10/10/24 | |
| *[signature]*<br>William French (Oct 9, 2024 13:24 EDT)<br>**William French**<br><br>Date: 09/10/2024 | *[signature]*<br>Melynda a reese (Oct 9, 2024 15:35 EDT)<br>**Melynda Anne Reese**<br><br>Date: 09/10/2024 |